Geeen, J.
delivered the opinion of the court.
The warrant in this case is issued against Manning, to answer Wells in a plea of trespass on the case on promises.
On the trial in the Circuit Court the plaintiff proved that he was boarding at the house of the defendant (who kept a public Inn in Memphis,) at twelve dollars and fifty cents per month, and lodged in a room that had no lock to the door, and that during the night, while he slept, his coat, worth twelve dollars and fifty cents, was stolen froin the room. It appeared in evidence that the room in which the plaintiff slept, was furnished for several persons to lodge, and that it was kept by the defendant, for the accommodation of travelers generally; and that the defendant had offered the plaintiff another room, that had a lock to the door, but that plaintiff objected to it, because «orne plastering had fallen down, and returned to the room from which the coat was taken.
*748 The court charged the jury that the defendant was liable for the coat, if lost or stolen from his house, unless it happened by the act of God, or public enemies; but if the plaintiff had exclusive use and possession of the room, then the defendant would not be liable.
The jury found for the plaintiff the value of the coat, and the defendant appealed to this court.
The question now is, did his Honor err in the instructions to the jury. And we think he did. The doctrine stated by his Honor, is certainly the true one, as applicable to the goods of a guest in an Inn. But a guest is a traveler or wayfarer, who comes to an Inn and is accepted. Story on Bail., sec. 477. A neighbor or friend, who comes to an Inn on the invitation of the inn-keeper, is not deemed a guest. Bac. Abr., Inn and Inn-keeper, 5, Com. Dig., act. on case for neg., B, 2. Nor is a person a guest, in the sense of the law, who comes upon a special contract to board, and sojourn at an Inn; he is deemed a boarder. And if he is robbed, the host is not answerable for it. 5 Bac. Abr., Inn and Inn-keepers, 5.
These principles are settled by the authorities, and founded in sound reason. A passenger or wayfaring man, may be an entire stranger. He must put up and lodge at the Inn to which his day’s journey may bring him. It is, therefore, important, that he should be protected by the most stringent rules of law, enforcing the liability of the inn-keeper. In such case, therefore, the law makes the inn-keeper an insurer of the goods of his guest, except as to losses occasioned by the act of God, or public enemies. But as a boarder does not need such protection, the law does not afford it. It is sufficient to give him a remedy when he shall prove the inn-keeper has been guilty of culpable negligence.
*749 In this warrant the defendant is required to answer on promises. But on the evidence the plaintiff seeks to make him liable for a tort. Although we do not hold justices of the peace to that technical strictness, which is required in proceedings in courts of record, yet, we have always held, that they must give some general statement of the cause of action. Here the cause of action stated is repugnant to that proved. The evidence was, therefore, inapplicable to the action.
Let the judgment be reversed, and the cause remanded.
Note. — “No variance between an allegation in a pleading, and the proof shall he deemed material, unless it shall have misled the adverse party to his prejudice in maintaining his action or defence upon the merits. Whenever it shall he alleged that a party has been so misled, and that fact shall be proved to the satisfaction of the court, and in what respect he has been misled, the court may order the pleading to be amended upon such terms as may be just.” New York Statutes, 1849, ch. 438, sec. 169.